TARA J. ELLIOTT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
tara.elliott@usdoj.gov

TARYN MEEKS
Trial Attorney
National Security Division
U.S. Department of Justice
Phone: (202) 532-4162
taryn.meeks@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BRUCE BOONE WANN, Defendant. | CR 18-54-M-DLC OFFER OF PROOF |

The Defendant has signed a plea agreement which contemplates his plea of guilty to Counts III, V, VII, and VIII of the Indictment. Count III charges the crime

1

of Illegal Possession of a Machinegun in violation of 18 U.S.C. § 922(o), Count V charges the crime of Possession of an Unregistered Silencer in violation of 26 U.S.C. § 5861(d), Count VII charges the crime of Possession of a Short Barreled Rifle in violation of 26 U.S.C. § 5861(d), and Count VIII charges the crime of Possession of a Destructive Device in violation of 26 U.S.C. § 5861(d). The Defendant's plea of guilty will be unconditional.

The United States presented any and all formal plea offers to the Defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the Government's view, the most favorable offer extended to the Defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.**

**In order to prove Count III** of the Indictment against the Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed a "machine gun;" and

Second, the Defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machine gun" as defined by Section 921(a).

**In order to prove Count V** of the Indictment against the Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed a National Firearms Act firearm;

Second, the firearm was a silencer;

Third, the Defendant knew of the characteristics of the firearm, that is, that it was a silencer;

Fourth, the silencer was in operating condition; and

Fifth, the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record.

**In order to prove Count VII** of the Indictment against the Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed a National Firearms Act firearm;

Second, the firearm was a rifle having a barrel of less than 16 inches in length and an overall length of less than 26 inches;

Third, the Defendant knew of the characteristics of the firearm, that is, that it was a rifle having a barrel of less than 16 inches in length and an overall length of less than 26 inches;

Fourth, the firearm was in operating condition; and

Fifth, the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record.

**In order to prove Count VIII** of the Indictment against the Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed a National Firearms Act firearm;

Second, the firearm was a destructive device, here a grenade;

Third, the Defendant knew of the characteristics of the firearm, that is, that it was a grenade;

Fourth, the firearm was in operating condition; and

Fifth, the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record.

**PROOF**. If called upon to prove this case at trial, and to provide a factual basis for the Defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

A Confidential Informant (CI) would testify that, in June of 2018 through the fall of 2018, in Marion and within Flathead County, Wann kept buried or otherwise

concealed, firearms, ammunition, a grenade, dynamite and other items on various properties. Wann reported to the CI that he had stolen some of those items from a government bunker in California, many years before.

Per Wann's request, those items were stored at the CI's residence and in a storage facility controlled by the CI, while Wann moved out of his home. Later, Wann re-possessed many of these items by stealing them from the CI's residence, while the CI was away from said residence. When confronted by the CI, Wann admitted to taking the weapons by entering the CI's home without permission. The CI would also testify that Wann had made various threats against people in Marion and Flathead Counties, including threats of violence.

The Government would provide evidence, including undercover recordings, law enforcement testimony, ATF Nexus reports, and weapon seizure reports, that Wann possessed a machine gun, a silencer, a short barreled rifle, and a grenade, among voluminous other weapons, that Wann made a concerted effort to conceal the existence of these weapons from law enforcement, and that many, if not all, of the weapons that Wann possessed were deemed to be in operating condition.

///

///

///

DATED this 27th day of November, 2018.

                        KURT G. ALME
                        United States Attorney

                        */s/ Tara J. Elliott*
                        Assistant U.S. Attorney
                        Attorney for Plaintiff