TARA J. ELLIOTT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: tara.elliott@usdoj.gov

TARYN MEEKS
Trial Attorney
National Security Division
U.S. Department of Justice
Phone: (202) 532-4162
taryn.meeks@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 18-54-M-DLC |
|---|---|
| Plaintiff, | BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE |
| vs. | |
| BRUCE BOONE WANN, | |
| Defendant. | |

The United States of America has moved for a Preliminary Order of

Forfeiture, forfeiting the defendant's right, title, and interest in the property listed

1

below.   18 U.S.C. § 844(c); 18 U.S.C. § 924(d); 26 U.S.C. § 5872(a).   The defendant does not oppose the motion.   L.R. CR 47.1(a).

## PROPERTY SUBJECT TO FORFEITURE

- Three Cardboard Tubes with end caps and multi-colored fuses;

- Five simulator hand grenades in cardboard box with instructions;

- One Ruger .22 caliber long rifle pistol with suppressed barrel and serial number removed;

- One Ruger 22/45 MK II .22 caliber long rifle pistol, target model, with threaded barrel and serial number removed;

- One F.M.A.P. Mauser Model 1909 rifle with suppressed barrel, serial number removed;

- One Ruger model 10/22 carbine, .22 long rifle caliber, serial number 112-57933, with folding stock, and one plastic Butler Creek magazine;

- One RPB Industries .45 Caliber pistol, serial number SAP45241, and one extended magazine;

- Plastic grocery bag containing two metal cylinders and other metal parts;

- One improvised hand grenade;

- Two training grenade fuses;

- One silver colored blasting cap;

- One copper colored blasting cap;

- Three Signal Illumination star cluster flares;

- Two Surface Trip flares;

- One green ammunition box containing grenade spoons;

- Fuses, Igniters, Firing Devices, Tripwires, and other explosives-related components obtained from Wann; and

- Seven grenade bodies and electronic firing device.

**BASIS FOR THE MOTION**

1. On October 4, 2018, a grand jury returned an indictment charging Wann with two counts of distribution of explosive materials, one count of illegal possession of a machinegun, two counts of possession of an unregistered silencer, one count of possession of firearms with obliterated serial numbers, one count of possession of a short barreled rifle, one count of possession of a destructive device, and one count of possession of a stolen firearm. Doc. 9. The indictment also contains a forfeiture allegation seeking the forfeiture of any explosive materials involved and used and intended to be used in the violation of counts I and II of the indictment pursuant to 18 U.S.C. § 844(c), any firearms and ammunition involved and used in any knowing violation of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d), pursuant to 18 U.S.C. § 924(d), and any firearms involved in any violation of 26 U.S.C. § 5861(d), pursuant to 26 U.S.C. § 5872(a).

2. On December 3, 2018, Wann pleaded guilty to counts III, V, VII and VIII of the indictment and admitted the forfeiture allegation. Docs. 23, 31. In

his plea agreement, Wann agreed to forfeit his right, title and interest in the property listed above. Doc. 23.

3. A preliminary order of forfeiture is necessary in order for the Federal Bureau of Investigations and the United States Marshals Service to seize the property subject to forfeiture.

4. The evidence set forth in the offer of proof filed by the government, in conjunction with Wann's plea agreement and entry of guilty plea, provides an ample basis for an order of forfeiture in accordance with 18 U.S.C. § 844(c), 18 U.S.C. § 924(d) and 26 U.S.C. § 5872(a). Doc. 30, 23.

5. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the Court may enter a preliminary order of forfeiture after a verdict has been returned containing a finding that property is subject to criminal forfeiture or if a defendant enters a guilty plea subjecting property to such forfeiture. Rule 32.2 does not require the Court to await sentencing in order to commence the ancillary proceeding by entering its preliminary order of forfeiture.

6. Upon issuance of a preliminary order of forfeiture, the United States will provide written notice to all third parties asserting a legal interest in any of the above-described property and will post notice on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, of the Court's preliminary order and the United States' intent to dispose of the property in such manner as the Attorney General or Secretary of the Department of Homeland Security may direct, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(n)(1).

WHEREFORE, the United States moves this Court to immediately enter the preliminary order of forfeiture tendered herewith, for the reasons set forth above.

Dated this 4th day of December, 2018.

KURT G. ALME
United States Attorney

*/s/ Tara J. Elliott*
Assistant U.S. Attorney
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2018, a copy of the foregoing document was served on the following persons by the following means:

```
(1,2)   CM/ECF
( )     Hand Delivery
( )     U.S. Mail
( )     Overnight Delivery Service
( )     Fax
( )     E-Mail
```

1. Clerk, U.S. District Court

2. Shandor Badaruddin
   Moriarity & Badaruddin, PLLC
   736 S 3rd St. West
   Missoula, MT 59801

*/s/ Tara J. Elliott*
Assistant U.S. Attorney
Attorney for Plaintiff