TARA J. ELLIOTT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
tara.elliott@usdoj.gov

TARYN MEEKS
Trial Attorney
National Security Division
U.S. Department of Justice
Phone: (202) 532-4162
taryn.meeks@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 18-54-M-DLC |
|---|---|
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| BRUCE BOONE WANN, | |
| Defendant. | |

# INTRODUCTION

Wann stands convicted of the crimes of Illegal Possession of a Machinegun, in violation of 18 U.S.C. § 922(o), Possession of an Unregistered Silencer, in violation of 26 U.S.C. § 5861(d), Possession of a Short Barreled Rifle, in violation of 26 U.S.C. § 5861(d), and Possession of a Destructive Device, in violation of 26 U.S.C. § 5861(d). PSR ¶ 7. The presentence report has calculated his total offense level as 23 and his criminal history category as I. PSR ¶ 112. The advisory guideline range is 46 to 57 months of imprisonment. *Id*.

# ARGUMENT

**A.  The Offense**

During the Summer of 2018, Wann possessed illegal firearms, ammunition, a grenade, dynamite, and detonation cord. PSR ¶ 12, 18. Specifically, Wann possessed the following illegal firearms:

- Ruger .22 caliber long pistol with a suppressed barrel, with the serial number removed;

- Ruger 22/45 MK III .22 caliber long rifle pistol, target model, with a threaded barrel and the serial number removed;

- F.M.A.P. Mauser Model 1909 rifle with suppressed barrel, no visible serial number, and Compac scope;

- Ruger model 10/22 carbine, .22 long rifle caliber, serial number, 112-57933, with folding stock, NcST AR scope, and one plastic Butler Creek magazine; *Investigators noted this rifle appeared to have a suppressed barrel, which was illegally shortened; and
- RPG Industries M-10 .45 caliber pistol, serial number SAP45241 and one extended magazine; * Investigators noted a field test of this pistol revealed it was fully automatic.

*Id*.

Wann knew that he was not permitted to possess these dangerous items and stated that he was concerned that if these items were recovered by law enforcement he would be arrested. PSR ¶ 20. When Wann transported the explosives, he was wearing a Glock pistol which he repeatedly gestured towards and "racked" as he spoke of his willingness to engage law enforcement if he were to be discovered. *Id*.

Additionally, during the investigation, Wann made several troubling statements indicating that "if things ever go to shit," Sam is going to get his, specifically referring to a couple of shots to the knee caps and then leaving him to die. Wann says he (Sam) deserves it and his wife too, but no one else in town would get it. PSR ¶ 15. Wann seeks to minimize the seriousness of these threats, but nonetheless, they are troubling in their violence and specificity.

3

Wann also possessed a wig for "surveillance" and had a "kill list" and specifically identified two individuals he wanted to do "some righteous vigilante stuff" against. PSR ¶ 23.

Wann burglarized a location in order to take back his weapons, but also stole weapons from the victim to hold as ransom. PSR ¶ 24. Wann's conduct throughout this investigation was deeply troubling. Understandably, Wann now tries to minimize most or all of this conduct, but the statements and actions in this matter speak for themselves.

**B.     History and Characteristics of Wann**

Wann is currently 62 years old and has no criminal history. Wann seemingly had a good childhood and he later joined the United States Army and received an honorable discharge. He also had an unusual employment history in law enforcement, which is discussed in greater detail in paragraphs 100 to 102 of the PSR.

**C.     Departure Requests**

While Wann has no official objections to the PSR, he does seek a number of departures under the United States Sentencing Guidelines. PSR 30-31. The Government respectfully requests that the Court deny these requests as there are no "aggravating or mitigating circumstances of a kind or to a degree not adequately

taken into consideration by the Sentencing Commission." *Koon v. United States*, 518 US 81, 94 (1996). All of Wann's departure requests are facts and circumstances the Court may consider under the factors set forth in 18 U.S.C. § 3553(a) to fashion a sentence that is sufficient, but not greater than necessary.

**D.     Sentence Recommendation**

Section 3553(a) of Title 18 of the United States Code contains a list of factors courts consider in imposing a sentence. The list is preceded by what has become known as the parsimony principle, requiring courts to "impose a sentence sufficient, but not greater than necessary, to comply with" four identified purposes – just punishment, deterrence, protection of the public, and rehabilitation.   To meet this requirement, the statute directs courts to take into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as "the need for the sentence imposed" to meet the four overarching aims of sentencing. Additionally, the court must consider the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities, and restitution to the victim. 18 U.S.C. § 3553(a)(1), (3) - (7).

In sum, taking into account all of the factors under 3553(a), the Government believes a sentence of 41 to 51 months of imprisonment and three years of

supervised release is sufficient, but not greater than necessary.

DATED this 3rd day of April, 2019.

KURT G. ALME
United States Attorney

*/s/ Tara J. Elliott*
TARA J. ELLIOTT
Assistant U.S. Attorney