IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE BOONE WANN,<br><br>Defendant. | CR 18–54–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Bruce Boone Wann's Pro Se Motion for Early Termination of Supervision. (Doc. 68.) Wann pled guilty to one count of illegal possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count 3), one count of possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d) (Count 5), one count of possession of a short barreled rifle, in violation of 26 U.S.C. § 5861(d) (Count 7), and one count of possession of a destructive device, in violation of 26 U.S.C. § 5861(d) (Count 8), and, on April 12, 2019, was sentenced to a custodial sentence of 48 months as to all counts, terms to run concurrent, followed by 3 years of supervised release. (Doc. 57.) Wann began his period of supervised release in February 2022 and is currently supervise by the United States Probation Office for the District of Missouri. Wann now seeks the premature termination of his remaining term of supervised release, which is set to terminate

1

in January 2025.  The United States Attorney's Office did not respond to the motion.

> Under federal law, this Court may:
>
> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Wann began his term of supervised release on February 1, 2022, rendering him statutorily eligible for the premature termination of his remaining term of supervised release.  Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Wann's supervised release.  Fed. R. Crim. P. 32.1(c).  Such a hearing is not necessary, however, if the Court declines to modify or terminate Wann's supervised release.

protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court recognizes that Wann has had no violations while on supervision and appears to be engaged in volunteer activities in his community. (Doc. 68.) He also reports that he is employed as a caregiver for his 86 year old mother. (*Id.*) Nonetheless, the Court finds that consideration of the foregoing factors does not support the early termination of Wann's remaining term of supervised release. In particular, the nature and circumstances of the offense and need for adequate deterrence support continued supervision. The FBI investigation into Wann revealed that he was in possession of illegal firearms and explosives as well as components for building improvised explosive devices. (*See* Doc. 59.) Wann made threatening comments regarding his ex-wife and stepson, among others, and expressed a willingness to use his weapons against law enforcement. (*Id.*) Wann's total offense level was a 23 due to enhancements for the number of firearms

involved, his possession of a hand grenade, and his possession of firearms with obliterated serial numbers. (*Id.*)

Accordingly, IT IS ORDERED that the motion (Doc. 68) is DENIED.

DATED this 23rd day of October, 2023.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court